<p style="margin-right:0">Common-<br>wealth<br>*v.*<br>Getchell.</p>

## GEORGE SAVAGE *et al. versus* EDWARD BREWER.

A creditor in Maine, whose demand against a debtor in this State, amounted to the sum of $124, attached, under a writ claiming $1500, a vessel belonging to the debtor, which was in Maine ready for sea, to the amount of $2000, the vessel being worth a much larger sum; but the debtor had no other property in that State, subject to attachment. It was *held*, that these facts, unaccompanied by evidence to excuse the excessive attachment, would support an action for a malicious prosecution by the debtor against such creditor.

In the same case it appeared, that the debtor settled the action in which the attachment was made, by paying a part of the sum demanded in the writ. *It seems* that he is estopped thereby, in the action for a malicious prosecution, to deny, that the creditor had a good cause of action against him to that amount.

THIS was *case* for a malicious prosecution. The defendant was defaulted, but the cause was subsequently submitted to a jury for the assessment of the damages, *Shaw* C. J. presiding.

There was no evidence of express malice ; and the only

question was, whether the facts afforded such evidence of im plied malice as would support the action.

It appeared, that the plaintiffs, who were merchants in Boston, had had dealings with the defendant, who lived in Eden, in the State of Maine, and that they had purchased a vessel of him and had prepared her for sea ; that the defendant then commenced an action of assumpsit against them for the sum of $1500 ; that by the writ the officer was directed to attach property to the amount of $2000, and he attached the vessel, which was worth three or four times that sum ; and that the plaintiffs had no other property in Maine open to attachment.

It was contended by the plaintiffs, that they owed the defendant nothing at the time of the attachment, because, although he had advanced money for them to the amount of about $120, yet it was upon an agreement, that it should be repaid in Boston, and therefore that it was not then due, and that whether this sum was due or not, the commencement of an action for a sum so much larger than the sum due, and attaching property to so large an amount, was evidence of implied malice and afforded good ground for the present action.

It further appeared from the evidence offered by the plain · tiffs, that the attachment was made on July 19, 1833 ; that notice thereof was immediately sent to the plaintiffs at Boston ; that Henry Curtis, one of the plaintiffs, proceeded immediately to Eden, and settled the action by paying the sum of $124·84, and the costs, amounting to the sum of $22·84 ; that the defendant gave a receipt therefor, in which it was declared that these sums were in discharge of a suit brought by him against the plaintiffs ; and that the vessel was thereupon released from attachment.

Upon these facts, two questions were reserved for the consideration of the Court :

1. Whether the plaintiffs, having submitted to the demand of the defendant, and settled the action brought by him, were at liberty, in the present action, to contest the fact, that the defendant had a good cause of action against them.

2. Whether, if the defendant had a good cause of action

to that extent only, the present action could be maintained, in consequence of that action having been brought for a much larger sum, and of the excessive attachment.

If the Court should be of opinion, that the action could not be maintained, the plaintiffs were to become nonsuit ; otherwise judgment was to be entered for the plaintiffs on the default, for the damages assessed by the jury.

*Child*, for the defendant, as to the first question, cited *Reynolds* v. *Kennedy*, 1 Wils. 232 ; *White* v. *Dingley*, 4 Mass. R. 433 ; *M'Cormick* v. *Sisson*, 7 Cowen, 715 ; 2 Dane's Abr. 725 ; *Scheibel* v. *Fairbain*, 1 Bos. & Pull. 388 ; *Gibson* v. *Chaters*, 2 Bos. & Pull. 129 ; as to the second question, *Lindsay* v. *Larned*, 17 Mass. R. 190.

*C. P. Curtis*, for the plaintiffs, as to the first question, cited *Shaw* v. *Woodcock*, 7 Barnew. & Cressw. 73 ; *Astley* v. *Reynolds*, 2 Strange, 915 ; *Irving* v. *Wilson*, 4 T. R. 485 ; *Morgan* v. *Palmer*, 2 Barnew. & Cressw. 729 ; *Dew* v. *Parsons*, 2 Barnew. & Ald. 562 ; *Watkins* v. *Baird*, 6 Mass. R. 506 ; *Haven* v. *Foster*, 9 Pick. 112 ; *Peirce* v. *Thompson*, 6 Pick. 193 ; as to the second question, *Pangburn* v. *Bull*, 1 Wend. 345 ; *Purcell* v. *Macnamara*, 9 East, 361 ; *Murray* v. *Long*, 1 Wend, 140 ; 2 Dane's Abr. 724 ; *Johnstone* v. *Sutton*, 1 T. R. 545 ; *Daw* v. *Swaine*, 1 Siderf. 424 ; *Sommer* v. *Wilt*, 4 Serg. & R. 19 ; 2 Selw. Dig. (Wheaton's ed.) 259 ; *Goslin* v. *Wilcock*, 2 Wils. 305 ; *Wetherden* v. *Embden*, 1 Campb. 295 ; *Austin* v. *Debnam*, 2 Barnew. & Cressw. 139 ; *S. C.* 4 Dowl. & Ryl. 653 ; *Dronefield* v. *Archer*, 5 Barnew. & Ald. 513 ; *Wills* v. *Noyes*, 12 Pick. 324 ; *Crozer* v. *Willing*, 4 Barnew. & Cressw. 26 ; *King* v. *Root*, 4 Wend. 114 ; *Chapman* v. *Pickersgill*, 2 Wils. 146.

WILDE J. delivered the opinion of the Court.

As to the first question reserved in this case, it would be extremely difficult, I think, for the plaintiffs to maintain the affirmative, upon any legal principles ; but we have not found it necessary to consider that question, being of opinion that upon the second ground this action may be well maintained.

It seems to be a well established principle, that if one causes another to be arrested, and held to bail, for a debt not

*Savage*
*v.*
*Brewer.*

*March 31st*

*April 8th*

due, or for more than is due, and this is done knowingly, an action of the case lies for this abuse of legal process ; for the plaintiff knowing that there is no probable cause, and having no expectation to recover the sum demanded, is presumed to have acted maliciously. The want of probable cause is decisive on this point. And whether there be no debt due, or a sum much less than the sum demanded, and this be known to the party causing the arrest, the principle is the same.

The case of *Austin* v. *Debnam*, 3 Barn. & Cressw. 143, is a strong case in support of this principle. There, there had been mutual dealings between the parties, and there were items on each side known to be due. The defendant caused the plaintiff to be arrested for the amount on one side of the account, without deducting what was due on the other, and the prosecution and arrest were held to be malicious, although it was urged by the counsel for the defendant, that he did not know that the plaintiff would avail himself of a set-off. And the case of *Daw* v. *Swaine*, Sid. 424, was decided on the same principle. And on a similar principle, the suing out an execution for more than was due and levying the same on the plaintiff's property, was held to be malicious, in *Sommer v. Wilt*, 4 Serg. & R. 19.

In the case of *Sinclair* v. *Eldred*, 4 Taunt. 7, *Mansfield* C. J. remarked, with respect to malicious arrests, that there never was a period when this species of action ought more to be encouraged, for there was much abuse made of the power of arrest. I trust this is not the case with us at the present day, although I remember not a few gross abuses of legal process, which in various forms have been subjected to judicial investigation ; and we must take care that the evil should not be suffered to increase by any laxity in the administration of justice.

What then is the law in respect to this case ? As to malicious arrests it appears to be well settled, and has indeed never been doubted since the case of *Daw* v. *Swaine*, which was the first case in which this species of action was sustained. The same principle was adopted in *Sommer* v. *Wilt*, in respect to the malicious abuse of legal process in levying an execution on property for an amount greatly exceeding the

sum actually due. And it seems to us, that the same reason and principle applies to the taking of personal property, under our process of attachment, where the amount of property attached is manifestly excessive. And so the attachment was in the present case.

No reason is given, why an attachment was made to an amount so much exceeding the debt, or why in the writ the sum of $1500 is demanded, when, if any thing was due, it was only the sum of $124. If it was an innocent mistake, that should have been shown ; or if the defendant had another doubtful claim, which he waived at the time of the settlement of the action, that also should have been shown. It was competent for him to rebut the presumption of malice, by showing a probable cause or an innocent mistake ; but there is no such proof. On the contrary the want of probable cause plainly appears. It is no answer to say, that the same property must have been attached if the real debt only had been demanded ; for the master of the plaintiffs' vessel might have paid that without orders, or, if not, the plaintiffs might have remitted the amount without being put to the trouble and expense of a journey into Maine to procure a release of their property. Upon the evidence therefore as reported, we are of opinion, that the action is well maintained, and that the plaintiffs are entitled to judgment.

*Judgment on the verdict.*